# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| **ANDREA BAKER,** | Case No.: |
| Plaintiff, | |
| v. | |
| **CAPITAL ONE BANK (U.S.A.), N.A.,** | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

ANDREA BAKER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CAPITAL ONE ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Because this matter involves a federal question, jurisdiction of this Court arises under 28 U.S.C. § 1331.

3. Defendant regularly conducts business in the State of Florida.

PLAINTIFF'S COMPLAINT

4. During the relevant time period, Plaintiff resided in Florida and the facts and occurrences underlying this Complaint took place primarily in the State of Florida.

5. Thus, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Plaintiff is a natural person who now resides in Conyers, Georgia. During the time period relevant to this Complaint, Plaintiff resided in Miami, Florida.

9. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10. Defendant is a corporation with its principal place of business located at 1680 Capital One Drive, McLean, VA 22101.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. At all times relevant hereto, Plaintiff maintained a cellular telephone number.

13. Plaintiff only used that number as for her cellular telephone.

PLAINTIFF'S COMPLAINT

14. Defendant placed repeated, continuous, and harassing telephone calls to Plaintiff's cellular telephone number.

15. Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

16. Plaintiff knew that Defendant was using an automatic telephone dialing system, automated message and/or prerecorded voice because when she answered calls she would be greeted with either a recorded message identifying Defendant before the call was transferred to a live representative or dropped.

17. Defendant's telephone calls were not made for "emergency purposes."

18. Desiring to stop the repeated telephone calls, Plaintiff spoke with Defendant's agents and told them to stop calling her when the calls first began.

19. However, Defendant failed to update its records to restrict telephone calls to Plaintiff's cellular telephone despite Plaintiff's multiple requests to stop calling.

20. Despite her request to stop calling, Defendant continued to call Plaintiff on her cellular telephone.

21. Plaintiff found Defendant's repeated automated calls to be invasive, harassing, frustrating, annoying, aggravating, and upsetting.

## COUNT I

PLAINTIFF'S COMPLAINT

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

24. Defendant initiated calls to Plaintiff's cellular telephone using a pre-recorded or artificial voice.

25. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

26. Defendant's calls were to Plaintiff were not made for "emergency purposes."

27. After Plaintiff told Defendant to stop calling, Defendant knew or should have known that it did not have consent to call and/or that any consent it thought it had was revoked.

28. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

29. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANDREA BAKER, respectfully prays for a judgment as follows:

    a.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    b.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    c.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    g.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ANDREA BAKER, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

Respectfully submitted,

Dated: 7/5/2019                    By: */s/ Amy L. Bennecoff Ginsburg*
                                   Amy L. Bennecoff Ginsburg, Esq.
                                   Kimmel & Silverman, P.C.
                                   30 East Butler Pike
                                   Ambler, PA 19002
                                   Phone: (215) 540-8888
                                   Facsimile: (877) 788-2864
                                   Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT